McKEEVER ET AL. v. JENKS ET AL.

1. **Fences:** APPEAL FROM FENCE VIEWERS: NOT ALLOWED. The statute has not provided for an appeal from the action of fence viewers to the Circuit Court; and in the absence of such provision such appeal cannot be allowed. Section 162 of the Code does not apply.

*Appeal from Clark Circuit Court.*

THURSDAY, SEPTEMBER 21.

AT the request of plaintiffs the fence viewers of the proper township determined the sufficiency and value of a hedge grown by plaintiffs upon the line dividing their land from land of defendants. From the action of the fence viewers in the proceedings defendants appealed to the Circuit Court, where the appeal was dismissed upon the ground that it is not authorized by the law. From the decision of the Circuit Court defendants appeal to this court.

*Stuart Bros.* and *McIntire Bros.*, for appellants.

*Temple & Tallman*, and *J. Chaney*, for appellees.

BECK, J.—I. The proceedings of the fence viewers from which defendants attempted to appeal are the same involved in the preceding case between the same parties. (See *ante*.) The opinion in that case is referred to for facts not stated in this opinion, if there be any, which are necessary for an understanding of this case.

The only questions we are now required to determine involve the right of the parties to an appeal in cases of this character.

II.   The remedy by appeal from the action of fence viewers is not provided for by statute.   In the absence of statutes providing therefor, appeals cannot be allowed.

Council for defendants insist that appeals to the Circuit Court in cases of this character are authorized by Code, section 162, which is in the following language:

" The Circuit Court shall have and exercise general original jurisdiction, concurrent with the District Court, in all civil actions and special proceedings, and exclusive jurisdiction in all appeals and writs of error from inferior courts, tribunals, or officers, and a general supervision thereof in all civil matters to prevent and correct abuses where no other remedy is provided."

This provision does not permit appeals in cases where there is no statute authorizing them.   The Circuit Court under this statute is clothed with jurisdiction of appeals from inferior courts, tribunals and officers, where appeals are allowed, and it has " a general supervision " over such courts, tribunals and officers " in all civil matters to prevent and correct abuses, where no other remedy is provided."   But the jurisdiction here conferred must be exercised in the manner provided by law.   This statute does not authorize the Circuit Court to grant relief where no remedy is provided by law.   Counsel's construction, if adopted, would authorize appeals to the Circuit Court from all inferior courts, tribunals and officers to prevent and correct abuses, where no remedy is provided.   We would, under this construction, have appeals without number from township, county and other officers, and the Circuit Court would thus become their general supervisor, an obviously absured result.

The Circuit Court correctly ruled in dismissing defendants' appeal.

AFFIRMED.